UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Matthew E. Orso )
)
)
v. )  2:21-ms-00130
)  _____
)  Case Number
)
Todd Disner, Andrew Kwong, et al )
)  WRIT OF EXECUTION
)
)

TO THE UNITED STATES MARSHAL FOR THE DISTRICT OF NEVADA:

On  October 07, 2021 , a Judgment was entered in the docket of the above-entitled Court and action, in favor of  Matthew E. Orso  as Judgment Creditor,

and against  Andrew Kwong  as Judgment Debtor, for

$ 3,904.40    principal,

$ 0.00    attorney fees,

$ 1,339.02    interest, and

$ 0.00    costs making a total of

$ 5,243.42    JUDGMENT AS ENTERED.

WHEREAS, according to an affidavit and request for issuance of writ of execution filed herein, it appears that further sums have accrued since the entry of judgment, to wit:

$277.15    accrued interest, and

$ 49.00    accrued costs and fees, making a total of

$ 326.15    ACCRUED INTEREST, COSTS AND FEES.

CREDIT must be given for payments and partial satisfactions in the amount of
$ 0.00 which is to be first credited against the total accured interest, costs and fees, with any excess credited against the Judgment as entered, leaving a net balance of

$ _____ ACTUALLY DUE on the date issuance of this writ, of which

$ 5,243.42 is due on the Judgment as entered, and bears interest at 1.22 % per annum, in the amount of $ .17 PER DAY, from the date of entry of judgment to the date of issuance on this writ, to which must be added the accrued costs and fees and the commissions and costs of the officer executing this writ. (Interest rate and amount per day to be completed by attorney.)

Notice by mail of any sale under the writ of execution  ◯ Has  ⦿ Has Not  been requested.
The following named persons have requested such notice of sale:

<u>NAME</u>                                    <u>ADDRESS</u>

YOU ARE THEREFORE COMMANDED to satisfy the said Judgment with interest and costs as provided by law and your costs and disbursements out of the personal property of said debtor, except that for any pay period, 75 percent of the disposable earnings of the debtor during this period or for each week of the period 30 times the minimum hour wage prescribed by section 6(a)(1) of the Federal Fair Labor Standards Act of 1938 [29 U.S.C. Sec. 206(a)(1)], and in effect at the time the earnings are payable, whichever is greater, is exempt from any levy of execution pursuant to this writ, and if sufficient personal property cannot be found, then out of his real property; or if the Judgment be a lien upon real property, then out of the real property belonging to such debtor, and make return of this writ within not less than ten (10) days nor more than sixty (60) days after your receipt thereof with what you have done endorsed hereon.

Judgment Creditor/Plaintiff will identify to the U.S. Marshal or his representative assets that are to be seized to satisfy the judgment/order.

YOU ARE FURTHER COMMANDED if necessary, to turn over any property seized under this order to a third party custodian or to the plaintiff. The U.S. Marshal or his representative is authorized to use reasonable force in the execution of this Judgment/Order and the Judgment Creditor/Plaintiff will hold the U.S. Marshals Service harmless of any liability that may be imposed as a result of the execution of the Judgment.

DATED:_____        LANCE S. WILSON
                                             Clerk, U.S. District Court

                                             By:_____
                                                Deputy Clerk

# NOTICE OF EXECUTION AFTER JUDGMENT
(Per NRS 21.075)

## READ THIS NOTICE CAREFULLY
It provides information on how the law may allow you to protect your property or money from being attached to pay the judgment against you.

### YOUR PROPERTY IS BEING ATTACHED OR YOUR WAGES ARE BEING GARNISHED

A court has determined that you owe money to the person or company (the "judgment creditor") listed on the Writ of Execution included with this Notice of Execution. The judgment creditor has begun the procedure to collect that money by garnishing your wages, bank account and other personal property held by third persons or by taking money or other property in your possession.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

1. Payments received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.
2. Payments for benefits or the return of contributions under the Public Employees' Retirement System.
3. Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.
4. Proceeds from a policy of life insurance.
5. Payments of benefits under a program of industrial insurance.
6. Payments received as disability, illness or unemployment benefits.
7. Payments received as unemployment compensation.
8. Veteran's benefits.
9. A homestead in a dwelling or a mobile home, not to exceed $605,000 unless:
    (a) The judgment is for a medical bill, in which case all of the primary dwelling, including a mobile or manufactured home, may be exempt.
    (b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS 115.010 is applicable to the judgment.
10. All money reasonably deposited with a landlord by you to secure an agreement to rent or lease a dwelling that is used by you as your primary residence, except that such money is not exempt with respect to a landlord or landlord's successor in interest who seeks to enforce the terms of the agreement to rent or lease the dwelling.
11. A vehicle, if your equity in the vehicle is less than $15,000.
12. At least eighty-two percent of the take-home pay for any workweek if your gross weekly salary or wage was $770 or less on the date the most recent writ of garnishment was issued; or seventy-five percent of the take-home pay for any workweek if your gross weekly salary or wage exceeded $770 on the date the most recent writ of garnishment was issued; or if the weekly take-home pay is less than 50 times the federal minimum hourly wage, the entire amount may be exempt.
13. Money, not to exceed $1,000,000 in present value, held in:
    (a) An individual retirement arrangement which conforms with or is maintained pursuant to the applicable limitations and requirements of section 408 or 408A of the Internal Revenue Code, 26 U.S.C. §§ 408 and 408A, including, without limitation, an inherited individual retirement arrangement;

---

ADDITIONAL INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES in this matter may be obtained from the *Civil Law Self-Help Center*, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

(b) A written simplified employee pension plan which conforms with or is maintained pursuant to the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408, including, without limitation, an inherited simplified employee pension plan;

(c) A cash or deferred arrangement plan which is qualified and maintained pursuant to the Internal Revenue Code, including, without limitation, an inherited cash or deferred arrangement plan;

(d) A trust forming part of a stock bonus, pension or profit-sharing plan which is qualified and maintained pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. §§ 401 et seq.; and

(e) A trust forming part of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 259, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

14. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

15. All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

16. Regardless of whether a trust contains a spendthrift provision:

(a) A present or future interest in the income or principal of a trust that is a contingent interest, if the contingency has not been satisfied or removed;

(b) A present or future interest in the income or principal of a trust for which discretionary power is held by a trustee to determine whether to make a distribution from the trust, if the interest has not been distributed from the trust;

(c) The power to direct dispositions of property in the trust, other than such a power held by a trustee to distribute property to a beneficiary of the trust;

(d) Certain powers held by a trust protector or certain other persons; and

(e) Any power held by the person who created the trust.

17. If a trust contains a spendthrift provision:

(a) A present or future interest in the income or principal of a trust that is a mandatory interest in which the trustee does not have discretion concerning whether to make the distribution from the trust, if the interest has not been distributed from the trust; and

(b) A present or future interest in the income or principal of a trust that is a support interest in which the standard for distribution may be interpreted by the trustee or a court, if the interest has not been distributed from the trust.

18. A vehicle for use by you or your dependent which is specially equipped or modified to provide mobility for a person with a permanent disability.

19. A prosthesis or any equipment prescribed by a physician or dentist for you our your dependent.

20. Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

21. Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

22. Payments received as compensation for the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

23. Payments received as restitution for a criminal act.

24. Personal property, not to exceed $10,000 in total value, if the property is not otherwise exempt from execution.

25. A tax refund received from the earned income credit provided by federal law or a similar state law.

26. Stock of a corporation described in subsection 2 of NRS 78.746 except as set forth in that section.

---

**ADDITIONAL INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES** in this matter may be obtained from the *Civil Law Self-Help Center*, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

© 2019 Civil Law Self-Help Center                              (Rev. 08/29/19)

These exemptions may not apply in certain cases such as a proceeding to enforce a judgment for support of a person or a judgment of foreclosure of a mechanic's lien. You should consult an attorney immediately to assist you in determining whether your property or money is exempt from execution. If you cannot afford an attorney, you may be eligible for assistance through:

| Legal Aid Center of Southern Nevada<br>725 E. Charleston Blvd.<br>Las Vegas, NV 89104<br>(702) 386-1070<br>www.lacsn.org | Senior Law Project (60 years or older only)<br>530 Las Vegas Blvd. S. #310<br>Las Vegas, NV 89101<br>(702) 229-6596<br>www.snslp.org | Nevada Legal Services<br>530 S. 6th Street<br>Las Vegas, NV 89101<br>(702) 386-0404<br>www.nlslaw.net |

If you do not wish to consult an attorney or receive legal services from an organization that provides assistance to persons who qualify, you may obtain the form to be used to claim an exemption free of charge at the *Civil Law Self-Help Center*, 200 Lewis Avenue, on the first floor of the Regional Justice Center, downtown Las Vegas, Nevada, or on the Civil Law Self-Help Center's website at www.civillawselfhelpcenter.org.

## PROCEDURE FOR CLAIMING EXEMPT PROPERTY

If you believe that the money or property taken from you is exempt, you must complete and file with the clerk of the court an executed claim of exemption. A copy of the claim of exemption must be served upon the sheriff, the garnishee and the judgment creditor within 10 days after the notice of execution or garnishment is served on you by mail pursuant to NRS 21.076 which identifies the specific property that is being levied on. The property must be released by the garnishee or the sheriff within 9 judicial days after you serve the claim of exemption upon the sheriff, garnishee and judgment creditor, unless the sheriff or garnishee receives a copy of an objection to the claim of exemption and a notice for a hearing to determine the issue of exemption. If this happens, a hearing will be held to determine whether the property or money is exempt.

The objection to the claim of exemption and notice for the hearing to determine the issue of exemption must be filed by the judgment creditor within 8 judicial days after the claim of exemption is served on the judgment creditor by mail or in person and served on the judgment debtor, the sheriff and any garnishee not less than 5 judicial days before the date set for the hearing. The hearing to determine whether the property or money is exempt must be held within 7 judicial days after the objection to the claim of exemption and notice for the hearing is filed.

You may be able to have your property released more quickly if you mail to the judgment creditor or the attorney of the judgment creditor written proof that the property is exempt. Such proof may include, without limitation, a letter from the government, an annual statement from a pension fund, receipts for payments, copies of checks, records from financial institutions or any other document which demonstrates that the money in your account is exempt.

**IF YOU DO NOT FILE THE EXECUTED CLAIM OF EXEMPTION WITHIN THE TIME SPECIFIED, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE JUDGMENT CREDITOR, EVEN IF THE PROPERTY OR MONEY IS EXEMPT.**

ADDITIONAL INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES in this matter may be obtained from the *Civil Law Self-Help Center*, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

Page 3 of 4

© 2019 Civil Law Self-Help Center                                                                                                                   (Rev. 08/29/19)

# CHECKLIST FOR FILING A "CLAIM OF EXEMPTION"

☐ 1. Read the list of exemptions in this notice to determine whether any of your property or money is exempt from execution (in other words, protected from being taken to pay the judgment against you).

☐ 2. Obtain a "Claim of Exemption" form from the clerk at the court where the judgment against you was issued or from the Civil Law Self-Help Center, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

☐ 3. Fill out the Claim of Exemption form. If you have documentation that proves the exemptions you are claiming, attach the documentation to the Claim of Exemption form (but be sure to black out any personal information, such as Social Security numbers, bank account numbers, etc.).

☐ 4. Take the completed Claim of Exemption form to the court where the judgment against you was issued, and file the Claim of Exemption with the court clerk.

> NOTE: You must file your Claim of Exemption with the court within ten days after the Sheriff or Constable serves the Writ of Execution or Writ of Garnishment on you by mail, identifying the specific property that is subject to execution or garnishment, or within ten days after your wages are withheld if you are being garnished.

☐ 5. After your Claim of Exemption has been filed with the court, mail a copy of your file-stamped Claim of Exemption to the following three parties:
  ☐ The Constable or Sheriff who mailed you the Writ of Execution or served your bank or employer;
  ☐ The judgment creditor's attorney (or the judgment creditor directly if no attorney is involved);
  ☐ Any garnishee (likely your employer, if your wages are being garnished; your bank, if your bank account has been attached; or some other third-party, if money or assets in the third-party's possession have been executed against).

☐ 6. Watch your mail. After receiving your Claim of Exemption, the judgment creditor has eight days to file an objection. If an objection is filed, a hearing will be set. You will receive a copy of the objection and a notice of the hearing in the mail.

☐ 7. Attend the court hearing if one is set. Before the hearing, collect whatever documentation you need to show that you are entitled to the exemptions you have claimed. Take your documentation to the hearing, along with a proposed order for the judge to sign. (You can obtain a form order from the clerk of the court or on the Civil Law Self-Help Center's website, www.civillawselfhelpcenter.org.) At the hearing, it will be your responsibility to prove to the judge that your claimed exemptions are appropriate.

**ADDITIONAL INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES** in this matter may be obtained from the *Civil Law Self-Help Center*, which is located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.

© 2019 Civil Law Self-Help Center                              (Rev. 08/29/19)